UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBIE CHESSER,<br><br>         Plaintiff,<br><br>    v.<br><br>KILOLO KAJIKAZI, Acting Commissioner of Social Security,<br><br>         Defendant. | No.  2:20-cv-00485 CKD (SS)<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act").  The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff was born in 1969.  Administrative Transcript ("AT") 19.  From 2005 to 2014, she worked for a property management company, handling a variety of tasks at a 126-unit residential property.  She showed units to prospective tenants, oversaw maintenance and landscaping, trained

1

new employees, handled paperwork, and responded to tenants' problems. AT 40-44. At the hearing on her claims, plaintiff testified that her health grew progressively worse until she could no longer work. AT 44-45.

Plaintiff applied on August 18, 2016 for DIB and SSI, alleging disability beginning March 1, 2016. AT 39. Plaintiff alleged she was unable to work due to psoriatic arthritis, fibromyalgia, severe anxiety, and depression. AT 252.

In a decision dated January 28, 2019, the ALJ determined that plaintiff was not disabled.[1] AT 19-28. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

      2. The claimant has not engaged in substantial gainful activity since March 1, 2016, the alleged onset date.

      3. The claimant has the following severe impairments: arthritis.

      4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

      5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work with the following exceptions: the claimant is able to lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently; she is able to sit for six hours; she is able to stand for six hours; she is able to walk for six hours; she is frequently able to climb ramps and stairs; and she is occasionally able to climb ladders, ropes, or scaffolds.

      6. The claimant is capable of performing past relevant work as a property manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

      7. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2016, through the date of this decision.

AT 21-28.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erroneously failed to find plaintiff's mental impairment "severe" at Step Two; (2) the ALJ improperly weighed the opinion of the examining psychiatrist; (3) the ALJ erroneously failed to find plaintiff's fibromyalgia "severe" at Step Two; (4) the ALJ improperly rejected plaintiff's subjective symptom testimony; and (5) the RFC is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable

3

mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A.  Credibility

Plaintiff asserts that the ALJ improperly discounted her subjective statements about her symptoms and their limiting effects.

1.  Legal Standard

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief"). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169

4

F.3d 595, 599 (9th Cir. 1999).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).

The Ninth Circuit recently clarified that, when discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

> To be sure, we confirm our precedent does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony...." Lambert, 980 F.3d at 1277. But the ALJ's detailed overview of [the claimant's] medical history—coupled with a nonspecific boilerplate conclusion that her testimony was "not entirely consistent" with her medical treatment—was not enough to satisfy the minimal requirements for assessing credibility. Id. at 1277–78; see Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [claimant's symptom] testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony."). Summarizing [the claimant's] testimony about her limitations from her mental impairments, and later mentioning that her symptoms improved with medication and treatment, does not provide clear and

> convincing reasons to discredit that testimony. See Lambert, 980 F.3d at 1278. This is reversible error. Id. ("Because the ALJ did not provide enough 'reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence,' we cannot treat the error as harmless." (quoting Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014))).

Wade, 850 F. App'x at 569.

### 2. Facts

The ALJ summarized plaintiff's statements about her condition as follows:

> The claimant alleges she is unable to work due to her impairments. The claimant testified that her health has gotten worse over time to the point where her bosses noticed. She related that she was not able to get to the top of the stairs before clients when showing properties, she was forgetful, and she was missing meetings. She reported that she was not able to keep anything straight or complete tasks, and she was written up at work because she forgot dates and details at work. She added that stressful events at the time, such as the death of two friends and extensive repairs on the property, contributed to her issues.
>
> The claimant testified that she experiences swelling in her feet and calves at least once a week that lasts for a couple of days. She reported that she treats her swelling by putting her feet up a little bit above her waist for at least half of the day. She stated that she also takes medication for this. _The claimant testified that she is not able to stand for more than five minutes before needing to rest. She stated that she is able to walk 50 feet before needing to sit and take a break. She reported that she is able to sit for about 30 minutes._ Although she initially stated that she is able to lift and carry three pounds or less, she later admitted that she is able to lift a gallon of milk.

AT 25-26 (emphasis added), citing AT 34-62 (hearing transcript), 231-246, 251-259 (2016 disability reports), 272-302 (2017 disability reports).

The ALJ found that, "while the claimant's medically determinable impairments could reasonably be expected to produce the above-alleged symptoms, the evidence does not support the conclusion that the claimant is entirely unable to work as a result of her impairments." AT 26.

The ALJ then summarized the objective medical evidence, but did not explain why it contradicted plaintiff's subjective statements. This evidence included complaints of "neck pain radiating down to the arms bilaterally and swollen legs" and examination findings of "tenderness, such as in the cervical and lumbar spine, bilateral hips, bilateral shoulders, fingers, and toes,"

1  along with some normal findings. AT 26. The ALJ noted that plaintiff "recently reported that the
2  pain has decreased and she has noted increased mobility, and she stated that she walks for
3  exercise." AT 26, citing AT 550 (January 2018 treatment note that plaintiff reported increased
4  mobility); see AT 623 (February 2018 treatment note that plaintiff walked for exercise). Though
5  the ALJ described this evidence, he failed to link it to plaintiff's subjective testimony.

6  The ALJ next described the December 2016 consultative examination findings of Dr.
7  Rustom Damania. AT 27. "Positive findings from the physical examination included: tenderness
8  of all joints of the extremities and almost all of the trigger points were positive. Based on the
9  examination, Dr. Damania diagnosed the claimant with psoriasis, psoriatic arthritis by history,
10 [and] fibromyalgia by history," the ALJ noted. AT 26, citing AT 358-365.

11 Earlier in the decision, the ALJ cited medical evidence in reference to plaintiff's claims of
12 body pain:

> The medical evidence of record indicates that the claimant complained of body pain. [Citations omitted.] However, although a physical examination in September 2016 revealed positive findings at 12 out of 18 trigger points, other examinations revealed no positive findings at any trigger points.[2] Additionally, physical examinations revealed normal findings related to fibromyalgia, including normal range of motion and no tenderness.[3] Moreover, the claimant reported that her pain level was a zero on a scale from zero to 10 in June 2016, June 2017, and September 2017.[4]

18 AT 22 (concluding that plaintiff's fibromyalgia was nonsevere). Also in this portion of the
19 decision, the ALJ cited evidence that cast doubt on plaintiff's claims of severe mental
20 impairment, including evidence that prescribed medication controlled her symptoms and
21 generally normal mental status examinations while on medication. AT 22 (citations omitted).
22 The ALJ also noted "scant evidence" of treatment by a mental health professional. AT 22.

23 In sum, the ALJ cited objective evidence to support his conclusion that plaintiff's claims
24 of severe body pain and mental symptoms were not fully credible. However, he did not cite
25 evidence to refute plaintiff's claims that she could only sit, stand, and walk for short periods of

---

[2] Citing AT 480, 518.
[3] Citing AT 557, 646.
[4] Citing AT 717.

time, and that her legs and feet frequently swelled, requiring them to be elevated.

Turning to the opinion evidence, the ALJ gave partial weight to the opinions of two State agency consultants who concluded that plaintiff was able to perform work at the light exertional level. AT 26, citing AT 63-90. The ALJ also gave partial weight to the opinion of Dr. Damiana, who opined that plaintiff was able to perform light work but was impaired in her ability to climb and balance. AT 27. The ALJ found this opinion "generally consistent" with the medical evidence of record and the opinions of the State agency consultants. AT 27. The ALJ did not mention how the opinion evidence affected his weighing of plaintiff's subjective testimony.

The ALJ concluded that the RFC was supported "by the evidence as a whole. The claimant's subjective complaints are not entirely consistent with the medical evidence and other evidence in the record." AT 27. As noted above, the ALJ supplied specific reasons supported by evidence to discount plaintiff's claims of debilitating body pain and mental symptoms, but did not do so as to plaintiff's claims of limited ability to stand, walk, and sit, nor as to her alleged need to elevate her swollen legs and feet. See AT 59 (VE testimony that the need to elevate lower extremities two hours a day, every other day, would eliminate all competitive work).

The ALJ's boilerplate assertion that plaintiff's testimony was "not entirely consistent" with her treatment history and the State agency medical opinions is not legally sufficient to reject plaintiff's testimony under the Lambert standard. The undersigned finds harmful error on this basis, as the ALJ found plaintiff able to perform past work as a property manager and made no alternative findings based on a more limited RFC. Plaintiff is entitled to summary judgment.[5]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the

---

[5] The undersigned does not reach the remaining claims.

8

>improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period.  On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC.  The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand.  The court also does not instruct the ALJ to credit any particular opinion or testimony.  The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

////
////
////
////
////
////
////

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is denied; and

3. The matter is remanded for further administrative proceedings consistent with this order.

Dated: August 31, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/chesser0485.ssi.ckd